NOT FOR PUBLICATION                                                                                    (Doc. No. 39)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| Rhonda GEHRING, | |
| Plaintiff, | Civil No. 13–7100 (RBK/KMW) |
| v. | **OPINION** |
| TOYS R US, INC., | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon its Order to Show Cause why the case should not be remanded for lack of subject matter jurisdiction (Doc. No. 51). For the reasons set forth below, the matter shall be remanded to the Superior Court of New Jersey, Camden County, Law Division.

Federal courts are courts of limited subject matter jurisdiction and "possess only that power authorized by Constitution and statute[.]"*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This Court therefore must be assured of its own jurisdiction throughout all stages of litigation. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Defendant removed this action from state court pursuant to 28 U.S.C. § 1441(a). Defendant thus has the burden of establishing jurisdiction. *Kokkonen*, 511 U.S. at 377.

The parties are not diverse, and Defendant's sole basis for jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331. Def.'s Pet. for Removal at 2–3. "The presence or

1

absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction usually exists because "federal law creates the cause of action[.]" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Plaintiff does not plead any cause of action created by federal law. Plaintiff instead brings six state law claims: (1) violation of the New Jersey Wage and Hour Law (WHL), N.J.S.A. 34:11–56a *et seq.*; (2) violation of the New Jersey Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19–1 *et seq.*; (3) "unlawful withholding of earned wages"[1]; (4) wrongful discharge in violation of company policy; (5) wrongful discharge in violation of public policy; and (6) hostile work environment. *See generally* Compl. Plaintiff is the master of her own claims—"she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392. Plaintiff does not rely on the Fair Labor Standards Act (FLSA) or any other federal law to bring her case, and this Court will not infer that she does.

This Court may have jurisdiction pursuant to 28 U.S.C. § 1331 if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharmaceuticals Inc.*, 478 U.S. at 808 (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)). But "[n]ot every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." *Gully v. First Nat. Bank*, 299 U.S. 109, 115 (1936). In Plaintiff's CEPA claim, she asserts that she "discovered that the Defendant was

---

[1] Defendant asserts that Plaintiff's claim for "unlawful withholding of earned wages" requires this Court "to analyze the FLSA." *See* Def.'s Pet. at 3. Plaintiff's claim is ambiguous, but this Court interprets Plaintiff's claim for "unlawful withholding of earned wages" to sound in state contract law or in the WHL. Plaintiff's Complaint does not invoke the FLSA for this claim, and the presumption is that this Court does not have jurisdiction. *Kokkonen*, 511 U.S. at 377.

willfully violating the New Jersey Wage and Hour Law as well as the Federal Labor Standards Act."[2] Compl. ¶ 18. She further asserts that she was terminated in retaliation for "report[ing] the willful violations of the New Jersey Wage and Hour Law[.]" *Id.* ¶

To confer jurisdiction, a federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) (citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313–14 (2005)). First, although Defendant argues that resolution of this dispute necessarily raises a federal issue regarding the FLSA, Defendant does not actually raise any issue regarding the interpretation or application of the FLSA in its motion for summary judgment or otherwise. *See generally* Def.'s Mot. (Doc. No. 39). Mere mention of the FLSA in Plaintiff's Complaint does not necessarily raise a federal issue. Second, Plaintiff and Defendant do not seem to have any dispute regarding the interpretation of the FLSA. The parties dispute the underlying facts, but they are not asking this Court to ascertain the meaning of any FLSA provision. *See generally id.*; Pl.'s Opp'n Mot. (Doc. No. 46). Resolution of this case therefore does not require resolution of the meaning of any federal law.

Third, any federal issue that Plaintiff's Complaint might raise is not substantial. As the Supreme Court explained in *Gunn*, "[t]he substantiality inquiry under *Grable* looks . . . to the importance of the issue to the federal system as a whole." 133 S. Ct. at 1066. The Supreme Court has set a high threshold for substantiality. *See id.* The Federal Government does not have any direct interest in the resolution of this case, and the parties are not asking this Court to rule on the constitutionality of the FLSA—indeed, the parties are not even asking this Court to rule on the

---

[2] This Court assumes Plaintiff was referring to the *Fair* Labor Standards Act (FLSA).

3

*meaning* of the FLSA. *See id.* (describing two examples of substantial federal issues within state law claims). This matter therefore does not raise any substantial issue of federal law. Fourth, because no federal issue is necessarily raised, actually disputed, and substantial, this Court cannot resolve the matter without disrupting the federal-state balance approved by Congress.

       This Court clearly does not have original jurisdiction over any of Plaintiff's claims. In the absence of original jurisdiction, this Court does not have the discretion to exercise supplemental jurisdiction. Equitable considerations are irrelevant in the absence of jurisdiction, and this Court has no choice but to remand the matter back to state court. Defendant's motion for summary judgment and to strike Plaintiff's jury demand (Doc. No. 39) shall be denied for lack of subject-matter jurisdiction.

Dated:   02/05/2016                                                             s/ Robert B. Kugler

                                                                                                                  ROBERT B. KUGLER

                                                                                                                  United States District Judge